OA 91 Criminal Complaint

# United States District Court

NORTHERN  DISTRICT OF  **NORTHERN DISTRICT OF CALIFORNIA**

FILED
JUN 1 - 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.

Marcus Whitfield

☐ ORIGINAL

CRIMINAL COMPLAINT

Case Number: 3-07 70320

BZ

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about **April 29, 2007** (Date) in **San Francisco** County, in the **Northern** District of **California** defendant(s) did,

(Track Statutory Language of Offense)

ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or received any firearm or ammunition which has been shipped or transported in interstate of foreign commerce, having been convicted of a crime punishable by imprisonment for a term exceeding one year.

Maximum Penalties: 10 years imprisonment, $250,000 fine; 3 years supervised release, $100.00 special assessment fee.

in violation of Title **18** United States Code, Section(s) **922(g)(1)**.

I further state that I am a(n) **San Francisco Police Sergeant / Inspector** (Official Title) and that this complaint is based on the following facts:

Please see attached affidavit of Sergeant/Inspector Michael L. Kelly.

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Approved As To Form: Tamara Weber
AUSA

Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

**June 07**
Date

at **San Francisco, CA**
City and State

Honorable Bernard J. Zimmerman    United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT OF MICHAEL KELLY

I, Michael L. Kelly, being duly sworn, hereby state:

### I. Background of Affiant

1. I am employed by the San Francisco Police Department (SFPD) as a Sergeant/Inspector and have been employed by the SFPD for 32 years. I am currently assigned to work with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) as a Task Force Officer. I have been assigned to work with ATF for over five years. In this capacity, I am responsible for enforcing federal criminal statutes, including Illegal Possession of a Firearm or Ammunition, pursuant to Title 18, United States Code, Section 922(g)(1).

2. I have been a law enforcement officer for 32 years and have had extensive training in that time in the use of firearms and ammunition. I have also attended an 80 hour criminal investigations course certified by the California Peace Officers Standards and Training Commission and a 24 hour training course by the Bureau of Alcohol, Tobacco, Firearms, and Explosives dealing with firearms investigations.

3. I am familiar with the facts as set forth herein from investigations by other law enforcement officers as related to me in conversation and through written reports, and from records and/or documents and other evidence obtained as a result of this investigation. Since this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant against Marcus Whitfield, I have not included each and every fact known to me concerning this investigation. I have only set forth the facts that I believe necessary to establish probable cause that a violation of federal law has occurred.

4. This affidavit is made in support of a complaint and arrest warrant against Marcus Whitfield for knowingly and intentionally possessing ammunition after having previously been convicted of a felony, in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

### II. The Law

5. Title 18, United States Code, Section 922(g)(1) provides that it shall be unlawful for any person who has been convicted in any court of law of a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce, any firearm or ammunition.

### III. This Investigation

6. On April 28, 2007, San Francisco Police Officers Ortiz #1131 and Anderson

1

AFFIDAVIT OF MICHAEL L. KELLY

#516 of Ingleside Police Station were patrolling in the area of the Sunnydale Public Housing Development. At approximately 12:21 AM the Officers were flagged down by Cavia Daniels who reported she had just been physically assaulted by her boyfriend Marcus Whitfield who resides at 1855 Sunnydale Avenue, San Francisco, CA 94134. During the initial investigation, the officers learned that Daniels and Whitfield had been involved in an intimate relationship since February of 2006. Daniels told them she was 7 months pregnant with Whitfield's baby. Daniels told the officers that on this night she and Whitfield had gotten into an argument that led to Whitfield picking her up and shoving her out of the house at 1855 Sunnydale Avenue. Daniels said Whitfield then grabbed her head with both hands and threw her to the ground during which time her cell phone fell from her jacket pocket. Daniels said she tried to get her cell phone to call 911 for help, but that Whitfield grabbed it first preventing her from calling. Daniels said that while still on the ground she bit Whitfield's finger in self-defense. Daniels said Whitfield then attempted to bite her ear but failed and eventually ceased his attack and retreated back into the house. Daniels then told the officers that she was fearful of Whitfield and advised them that Whitfield was currently keeping a fully automatic Tech 9 (assault weapon) under his mattress at his residence located at 1855 Sunnydale Avenue. Officer Ortiz documented this incident in San Francisco Police Department case #070433516.

7. On April 29, 2007, while in the area of the Sunnydale Housing Development, San Francisco Police officers located and arrested Whitfield on the felony charges related to the assault on Cavia Daniels the day before. Officers noticed that Whitfield had an injury to his left thumb consistent with Daniels previous statement that she had bit his finger during the assault. The officers followed up their investigation by confirming that Whitfield was currently on felony probation until June 21, 2009, San Francisco County Court #2260553, for Possession for Sale of a Controlled Substance, which he was convicted of on June 22, 2006. As a condition of Whitfield's probation he had a warrantless search provision. According to Probation records, Whitfield's residence is 1855 Sunnydale Avenue, San Francisco, CA 99134. After obtaining this information, San Francisco police officers responded to the residence of 1855 Sunnydale Avenue to conduct a warrantless probation search and to see if they could locate the Tech-9 assault pistol Daniels had previously described.

8. Upon the officers' arrival at 1855 Sunnydale Avenue in San Francisco, they made contact with Donecia Colvin who identified herself as Whitfield's sister. Donecia Colvin confirmed that Whitfield was currently staying at the residence and sleeping in the upstairs bedroom. Donecia Colvin then escorted the officers upstairs and showed them Whitfield's bed and told them that Whitfield shares the bedroom with their 11 year old brother. Upon looking under the mattress the officers located an Intratec Tech-9 9MM assault pistol, Serial Number 64484, with an extended magazine as previously described by Daniels. The magazine was not inserted into the gun but was lying next to the firearm. The magazine contained 12 rounds of "FC" 9mm Luger ammunition.

8. San Francisco Police Officer Kevin Knoble of the San Francisco Gang

2

AFFIDAVIT OF MICHAEL L. KELLY

Task Force was assigned to conduct a follow up investigation of this matter. Officer Knoble responded to Ingleside Police Station where he Mirandized and subsequently interviewed Whitfield. Upon being read his Miranda rights by Officer Knoble, Whitfield stated he understood his rights and agreed to speak to Officer Knoble. During Knoble's interview with Whitfield, Whitfield acknowledged his relationship with Daniels and admitted that he had been in a physical altercation with her on April 28, 2007. Knoble asked Whitfield where he was currently living and Whitfield replied he was living in Marin with Daniels. Whitfield stated that his mother and family currently live at 1855 Sunnydale Avenue, but that he does not stay there. Officer Knoble then told Whitfield about the gun officers recovered from under his mattress at 1855 Sunnydale Avenue and Whitfield denied any knowledge of the gun. During this time, San Francisco Police Crime Scene investigator, Inspector Greg Mar, responded to Ingleside Station to process the recovered Tech-9 pistol. As part of his investigation Inspector Mar determined the chamber of the Tech-9 was empty but the magazine was loaded with 12 rounds of "FC" 9mm Luger ammunition. Inspector Mar, a Fingerprint expert, lifted a print from the ammunition magazine and compared it with known fingerprints of Whitfield. Inspector Mar determined that the latent fingerprint lifted from the ammunition magazine matched Whitfield's fingerprints.

9. A check of Marcus Whitfield's criminal history revealed the following prior convictions:
- a 2006 felony conviction for Possession for Sale of a Controlled Substance, pursuant to California Health and Safety Code, HS 11351, for which he is currently on Probation for until June 21, 2009.
- a term in California Youth Authority for 245 ( C )P.C. Assault with a Deadly Weapon other than a Firearm, for which he is currently on Parole for until March 21, 2010.

10. On May 2, 2007, Officer Knoble interviewed Cavia Daniels about the above incident. During his interview with Daniels, which was tape recorded, she explained that Whitfield had been living with her in Marin, but that he often stayed at his mother's house located at 1855 Sunnydale Avenue. Officer Knoble asked Daniels about the Tech-9 pistol and she explained that she felt responsible for Whitfield being arrested for the gun. Daniels said the only reason Whitfield had the gun was because she encouraged him to buy it for protection. Daniels said that while in Marin she had been the recent victim of an attempted assault and asked Whitfield to get a gun for protection. Daniels said that Whitfield then made arrangements to sell or trade a car that she owned to someone in the Sunnydale Housing Development in exchange for the Tech-9. Daniels said that Whitfield had only been in possession of the Tech-9 for about a week. Officer Knoble asked Daniels if Whitfield had ever fired the gun and whether he knew it even worked. Daniels told Officer Knoble that of course you have to test something before you buy it.

11. Officer Knoble examined the weapon and magazine. The pistol is marked

3

AFFIDAVIT OF MICHAEL L. KELLY

with Serial Number 64484. San Francisco Police Inspector Michael Kelly consulted with Special Agent Tom Cunningham of the Bureau of Alcohol Tobacco Firearms and Explosives. Cunningham is an Interstate Nexus Expert. Cunningham has specialized training in the manufacturer and origin of firearms and ammunition. Inspector Kelly described the firearm in this case as well as the ammunition to SA Cunningham. Cunningham determined that neither the firearm nor the ammunition was manufactured in the state of California.

12. Inspector Kelly contacted Stephen Fitzpatrick of the San Francisco Adult Probation Department. Fitzpatrick is Whitfield's probation officer. Fitzpatrick told Inspector Kelly that the only residence address Whitfield has ever given is 1855 Sunnydale Ave., San Francisco. Whitfield is required to report any change in residence address to his probation officer.

### IV. Conclusion

13. Based on the above, I believe that there is probable cause to believe that on or about April 29, 2007, Marcus Whitfield, a convicted felon, did knowingly and intentionally possess ammunition, in and affecting interstate commerce, in violation of Title 18 United States Code, Section 922(g)(1).

_____
Michael L. Kelly
Sergeant/Inspector, SFPD; ATF Task Force
Officer

Subscribed and sworn to before me
on June 1, 2007

_____
The Honorable Bernard J. Zimmerman
United States Magistrate Judge

4

AFFIDAVIT OF MICHAEL L. KELLY